IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2014 JUN 20 AM 11: 21
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

JUSTIN STOUGHTENGER,
Plaintiff,

Case No. 8:14 cv1497 /23 AEP

vs.

AR RESOURCES, INC.
Defendant(s).
_____/

## COMPLAINT

COMES NOW, Plaintiff, JUSTIN STOUGHTENGER, and hereby sues Defendant AR RESOURCES, INC., and in support thereof states as follows:

### JURISDICTIONAL ALLEGATIONS

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. At all times material hereto JUSTIN STOUGHTENGER (hereinafter "Plaintiff" or "Mr. Stoughtenger") was an individual who resided in the city of Clearwater, Florida.

3. At all times material hereto, Defendant AR RESOURCES, INC. (hereinafter "Defendant" or "AR RESOURCES, INC"), was a corporation with its principle place of business located in Jacksonville, FL.

4. At all times relevant hereto, Defendant was doing business in the State of Florida, and specifically conducted business in the Middle District of Florida.

5. Venue lies in this District pursuant to 28 U.S.C. 1391(d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Plaintiff is a "consumer" as defined by 15 U.S. Code § 1692a.

7. Defendant is a "debt collector" as defined by 15 U.S. Code § 1692a.

8. At all times relevant hereto, Defendant was attempting to collect a debt from the Plaintiff.

9. On or about April 1, 2014, Plaintiff received an automated message regarding Plaintiff's alleged debt.

10. The Defendant's automated prompts did not communicate to the Plaintiff that the Defendant was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose.

## COUNT 1

## VIOLATION OF 15 U.S.C. 1692e § 807

11. Plaintiff re-alleges and incorporates Paragraphs 1-10 as if set out herein.

12. 15 U.S.C. 1692e § 807 provides in relevant part:

    ...the following conduct is a violation of this section:

    (11) The failure to disclose ... in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector...

13. In the instant case, Defendant violated 15 U.S.C. 1692e § 807 where Defendant communicated with the Plaintiff for the purpose of collecting a debt, and Defendant failed to provide the disclosure as set out in the above-referenced Section.

14. 15 USC 1692k provides that a debt collector who violates the subsection shall be liable for (a) actual damages, (b) up to $1,000 in statutory damages, and (c) attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment as follows:

a) Finding Defendant violated 15 U.S.C. 1692e § 807;

b) Awarding Plaintiff statutory damages in the amount of $1000.00 per violation, pursuant to 15 USC 1692k § 813;

c) Awarding Plaintiff costs and reasonable attorney's fees;

d) Awarding such other and further relief as the Court may deem just and equitable under the premise.

Respectfully submitted on this 19 day of June, 2014.

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
FBN: 74864
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
mike@zieglerlawoffice.com

*Justin Stoughtenger v. AR Resources, Inc*